# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re

TEDDY RAY BELL

        Debtor

ANN MOSTOLLER, TRUSTEE

        Plaintiff

v.

ERVIN T. BELL

        Defendant

Case No. 05-36732

Adv. Proc. No. 07-3043

## M E M O R A N D U M

**APPEARANCES:**   MOSTOLLER, STULBERG & WHITFIELD
  Ann Mostoller, Esq.
  136 South Illinois Avenue
  Suite 104
  Oak Ridge, Tennessee  37830
  Attorneys for Plaintiff

  LAW OFFICES OF MAYER & NEWTON
  John P. Newton, Jr., Esq.
  1111 Northshore Drive
  Suite S-570
  Knoxville, Tennessee  37919
  Attorneys for Defendant

  F. D. GIBSON, III, ESQ.
  400 Ellis Avenue
  Maryville, Tennessee  37804
  Attorney for Debtor

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint filed on May 25, 2007, by the Chapter 7 Trustee, Ann Mostoller, seeking authorization to sell a residence owned by the Debtor and the Defendant at 2034 Redbud Valley Drive, Maryville, Tennessee (Redbud Valley Drive Property), free and clear of liens pursuant to 11 U.S.C.A. § 363(f)(3) (West 2004) and to sell the interest of the Defendant pursuant to 11 U.S.C.A. § 363(h) (West 2004). The Defendant filed his Answer on October 12, 2007, opposing the relief sought by the Plaintiff.

A scheduling conference was held on November 15, 2007, at which time the parties agreed that a trial was not necessary and the issues could be resolved on stipulations and briefs. Stipulations were thereafter filed on January 4, 2008, containing certain undisputed material facts and the following exhibits: (1) a Warranty Deed dated July 6, 1994, evidencing the conveyance of the Redbud Valley Drive Property from Charles Pryor and wife, Annabel Pryor, to Ervin T. Bell and wife, Dora B. Bell,[1] and Teddy R. Bell; and (2) a Quit Claim Deed dated June 14, 2001, whereby Tanya Bell transferred her interest in the Redbud Valley Drive Property to the Debtor.

Pursuant to the Pre-Trial Order entered on December 12, 2007, and the Order entered by the court on August 28, 2008, the Plaintiff filed a Trial Brief on January 10, 2008, and the Defendant's Brief was filed on September 15, 2008. Also on September 15, 2008, the parties filed a Joint Motion to Bifurcate Trial advising that an evidentiary hearing will be required on the § 363(h) sale issues and that only a narrow legal issue relative to the homestead exemptions claimed by the Debtor and Defendant can be resolved on the Stipulations. The court agrees.

---

[1] The parties have stipulated that Dora B. Bell is deceased. STIPS. at ¶ 2.

# I

The Debtor filed the Voluntary Petition commencing his bankruptcy case under Chapter 7 on October 13, 2005, and the Plaintiff was duly appointed trustee. The Debtor owns a one-half interest in the Redbud Valley Drive Property and resides there with his father, the Defendant, who is the co-owner. In his statements and schedules, the Debtor claims an exemption of $5,000.00 in the Redbud Valley Drive Property, which is not subject to any encumbrances.

The Plaintiff filed the Complaint initiating this adversary proceeding on May 25, 2007, averring that the appraised market value of the Redbud Valley Drive Property is $29,300.00 and seeks to sell both the Debtor's and the Defendant's interests, subject only to the Debtor's $5,000.00 homestead exemption. In his Answer opposing the requested relief, the Defendant argues that any sale is additionally subject to his homestead exemption of $12,500.00, and that the detriment to him of selling the Redbud Valley Drive Property outweighs any benefit to the Debtor's bankruptcy estate. As defined by the Pre-Trial Order, the issues before the court are (1) whether or not the Plaintiff can sell the Redbud Valley Drive Property pursuant to § 363(h); and (2) if the Plaintiff is allowed to sell the Redbud Valley Drive Property, how are the Debtor's and the Defendant's homestead exemptions of $5,000.00 and $12,500.00, respectively, to be allocated from the proceeds of the sale. Only the second issue is subject to resolution on the parties' Stipulations.

The Plaintiff argues that she, as Chapter 7 Trustee, may sell the Redbud Valley Drive Property and divide the proceeds, paying one-half to the Defendant, irrespective of his homestead exemption, and then deduct the Debtor's homestead exemption from his one-half of the proceeds.

3

The Defendant argues that both exemptions must be satisfied in full before any division may be made from the proceeds of any sale. In other words, according to the Defendant's argument as set forth in his Brief, should the Trustee sell the Redbud Valley Drive Property for $20,000.00, the sale proceeds would, in their entirety, be subject to the Debtor's $5,000.00 homestead exemption and the Defendant's claimed $12,500.00 homestead exemption, with the surplus, $2,500.00, to be divided equally, $1,250.00 to the Debtor's estate, and $1,250.00 to the Defendant. The court disagrees.

## II

The Plaintiff seeks authority to sell the Redbud Valley Drive Property free and clear of all liens pursuant to 11 U.S.C.A. § 363, which states, in material part, the following:

> (f) The trustee may sell property . . . free and clear of any interest in such property of an entity other than the estate, only if—
>
> . . . .
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property[.]
>
> . . . .
>
> (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest . . . and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
>
> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.
>
> . . . .
>
> (j) After a sale of property to which subsection . . . (h) of this section applies, the trustee shall distribute to . . . the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such . . . co-owners, and of the estate.

11 U.S.C.A. § 363. The Plaintiff bears the burden of proving each element of § 363(h). *Mostoller v. Kelley (In re Kelley)*, 304 B.R. 331, 337 (Bankr. E.D. Tenn. 2003).

The Debtor and the Defendant own the Redbud Valley Drive Property as tenants in common and both reside thereon. Accordingly, as of the commencement of the Debtor's case, each would be entitled to receive one-half of the proceeds in the event of a sale. *See Porter v. United States*, 738 F.2d 731, 733 (6th Cir. 1984) ("Tennessee's case law holds that a tenant-in-common owns an undivided interest in the land and nothing more."). With respect to the Debtor, any interest held by him in the Redbud Valley Drive Property and/or any proceeds to be derived therefrom became property of his bankruptcy estate when he filed his petition. 11 U.S.C.A. § 541 (West 2004). Nevertheless, pursuant to 11 U.S.C.A. § 522 (West 2004), the Debtor was entitled to claim exemptions of his interest in certain property, including a homestead exemption pursuant to Tennessee Code Annotated § 26-2-301 (2000), which states, in material part:

> (a) An individual, whether a head of family or not, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by the individual or the individual's spouse or dependent, as a principal place of residence.

> The aggregate value of such homestead exemption shall not exceed five thousand dollars ($5,000); provided, individuals who jointly own and use real property as their principal place of residence shall be entitled to homestead exemptions, the aggregate value of which exemptions combined shall not exceed seven thousand five hundred dollars ($7,500), which shall be divided equally among them in the event the homestead exemptions are claimed in the same proceeding; provided, if only one (1) of the joint owners of real property used as their principal place of residence is involved in the proceeding wherein homestead exemption is claimed, then the individual's homestead exemption shall be five thousand dollars ($5,000).

TENN. CODE ANN. § 26-2-301. And "just as where property held in severalty but incapable of division can be sold with the proceeds to be subject to the homestead exemption, so also can the interest of a tenant in common be sold with the proceeds of the sale to be similarly subject to the homestead exemption." *In re Young*, 42 B.R. 892, 896 (Bankr. E.D. Tenn. 1984).

It has been stipulated that the Debtor is younger than 62 years old and entitled to the $5,000.00 homestead exemption, while the Defendant is approximately 70 years old and entitled to a homestead exemption of $12,500.00 pursuant to Tennessee Code Annotated § 26-2-301(e), which provides that "[n]otwithstanding the provisions of subsection (a) to the contrary, an unmarried individual who is sixty-two (62) years of age or older shall be entitled to a homestead exemption not exceeding twelve thousand five hundred dollars ($12,500) upon real property that is owned by the individual and used by the individual as a principal place of residence . . .[.]" These exemptions are separate, to be applied separately against the respective one-half (½) undivided interests of the Debtor and the Defendant.

This result is in conflict with § 26-2-301(a) which affords a maximum $7,500.00 exemption to "individuals who jointly own and use real property as their principal place of residence" with that exemption "to be divided equally among them in the event the homestead exemptions are claimed

6

in the same proceeding," because both the Debtor and Defendant reside on and use the Redbud Valley Drive Property as their principal residence. However, in 2004, § 26-2-301 was amended to add subsection (e) to allow the Defendant, "[n]otwithstanding the provisions of subsection (a) to the contrary," a homestead exemption not to exceed $12,500.00. Because the court cannot now reconcile the maximum $7,500.00 exemption allowed joint owners under § 26-2-301(a) with the $12,500.00 exemption to which the Defendant is entitled under § 26-2-301(e), the court finds that both parties are entitled to claim their respective exemptions against their one-half (½) undivided interest of the Redbud Valley Drive Property. In other words, the Debtor is entitled to a $5,000.00 exemption in the bankruptcy estate's one-half (½) interest in the Redbud Valley Drive Property and the Defendant is entitled to an exemption not to exceed $12,500.00 from his one-half (½) undivided interest in the Redbud Valley Drive Property.

In summary, any proceeds from the sale of the Redbud Valley Drive Property by the Trustee will be divided equally between the Debtor's bankruptcy estate and the Defendant, with the Debtor's $5,000.00 homestead exemption to be deducted from the estate's one-half (½) interest, and the entirety of the proceeds attributable to the Defendant's one-half (½) interest, less costs and expenses allocable to him under § 363(j), will be paid to the Defendant.

Because this Memorandum serves to resolve only the homestead exemption issue, the court will set a status conference on the § 363(h) issues.

An order consistent with this Memorandum will be entered.

FILED:  October 8, 2008

>BY THE COURT
>
>*/s/  RICHARD STAIR, JR.*
>
>RICHARD STAIR, JR.
>UNITED STATES BANKRUPTCY JUDGE